IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDA PHARMACEUTICALS INC. and CIPLA LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 15-785-LPS |

## SCHEDULING ORDER

This 10th day of December, 2015, the Court having conducted a Case Management Conference/Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) and Judge Stark's Revised Procedures for Managing Patent Cases (which is posted at http://www.ded.uscourts.gov; see Chambers, Judge Leonard P. Stark, Patent Cases) on _____, 2015, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within thirty (30) days of the date of this Order**. If they have not already done so the parties are to review the Court's Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI") (which is posted at http://www.ded.uscourts.gov; see Other Resources, Default Standards for Discovery, and is

{01065944;v1 }

incorporated herein by reference). Specifically, the parties shall start the initial discovery[1] as set forth in Paragraphs 3 and 4(a)-(d) of the Default Standard and as summarized below:

    a.    **Within 30 days after the entry of this ORDER**, the parties shall make initial disclosures, including identifying custodians likely to have discoverable information, non-custodial data sources, and issues related to ESI, third-party, and privacy.

    b.    **Within 30 days after the entry of this ORDER** and for each defendant,[2] the plaintiff shall specifically identify the accused products[3] and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

    c.    **Within 30 days after receipt of the above**, each defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    d.    **Within 30 days after receipt of the above**, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    e.    **Within 30 days after receipt of the above**, each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as

---

[1] As these disclosures are "initial," each party shall be permitted to supplement.

[2] For ease of reference, "defendant" is used to identify Teva Pharmaceuticals USA, Inc. and "plaintiff" to identify Meda Pharmaceuticals, Inc. and Cipla Ltd.

[3] For ease of reference, the word "product" encompasses accused methods and systems as well.

      well as the related invalidating references (e.g., publications, manuals and patents).

   f. Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

  2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **February 26, 2016**.

  3. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within ten (10) days from the date of this Order**. Should counsel be unable to reach an agreement on a proposed form order, counsel must follow the provisions of Paragraph 7(g) below.

  Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be

disclosed.

4. **Papers Filed Under Seal.** In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically **within seven (7) days** of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies.** Other than with respect to "discovery matters," which are governed by paragraph 7(g), and the final pretrial order, which is governed by paragraph 20, the parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. **ADR Process.** This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. **Discovery.** Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.    <u>Discovery Cut Off</u>. All [fact] discovery in this case shall be initiated so that it will be completed on or before: **November 18, 2016**.

    b.    <u>Document Production</u>. Document production shall be substantially complete by: **July 29, 2016**.

    c.    <u>Requests for Admission</u>. A maximum of **50 requests** for admission are permitted for each side, excluding those solely related to authentication of documents.

    d.    <u>Interrogatories</u>.

        i.    A maximum of **20 interrogatories**, including contention interrogatories are permitted for each side.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of **70 hours**, not to exceed 10 notices of deposition, of taking testimony by deposition upon oral examination, excluding experts and third parties. To the extent a witness requires an interpreter, only half of the

      deposition time used for that witness shall count towards the 70 hour limitation.

  ii. Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

f. Disclosure of Expert Testimony.

  i. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 27, 2017.** The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 24, 2017**. Reply expert reports from the party with the initial burden of proof are due on or before **March 24, 2017**. By agreement of the parties, plaintiffs will serve opening and reply expert reports regarding objective indicia of non-obviousness and defendants will serve rebuttal expert reports regarding

        objective indicia of non-obviousness, but this agreement shall not be construed as altering any party's burden of proof at trial on any issues. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. All expert discovery in this case shall be initiated so that it will be completed on or before: **April 28, 2017**.

    ii.    Expert Report Supplementation. The parties agree they will not permit expert declarations to be filed in connection with motions briefing (including case dispositive motions).

    iii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii. Should counsel find, after good faith efforts – including **verbal** communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Stark:

    The parties in the above –
Referenced matter write to request the
Scheduling of a discovery
Teleconference.

    The following attorneys,
Including at least one Delaware
Counsel and at least one Lead
Counsel per party, participated in a
Verbal meet-and-confer (in person
and/or by telephone) on the
following date(s):

_____

Delaware Counsel: _____

Lead Counsel: _____

    The disputes requiring
judicial attention are listed below:

[provide here a non-argumentative
list of disputes requiring judicial

attention]

  iii. On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reason for its opposition.

  iv. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

  v. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in the event, cancel the conference.

8. <u>Motions to Amend</u>.

  a. Any motion to amend (including a motion for leave to amend) a pleading shall **NOT** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

9.      <u>Motions to Strike</u>.

      a.      Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

      b.      Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

      c.      Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

10.      <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than thirty (30) minutes. The tutorial should focus on the technology at issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may

comment, in writing (no more than five (5) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

11. <u>Claim Construction Issue Identification</u>. On **July 1, 2016**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **July 22, 2016.** The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on **August 19, 2016.** The parties answering/responsive briefs shall be contemporaneously submitted on **September 16, 2016**. No reply briefs of supplemental papers on claim construction shall be submitted without leave of the Court. Local Rule 7.1.3(4) shall control the page limitations for initial (opening) and responsive (answering) briefs.

13. <u>Hearing on Claim Construction</u>. Beginning at 9:00 am on October 31, 2016 [the parties propose 10:00 a.m. on October 20, 2016, or as soon thereafter as is convenient for the Court], the Court will hear argument on claim construction.

The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided the parties comply with all portions of this Scheduling Order, and any other orders of the Court will issue its claim construction order within sixty (60) days after the conclusion of the claim construction hearing.

14. Interim Status Report. On **November 4, 2016**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

15. Supplementation. Absent agreement among the parties, and approval of the Court, no later than **December 23, 2016**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

16. Case Dispositive Motions. None.

17. Applications by Motion. Except as otherwise herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

18. Pretrial Conference. On July 14, 2017 at 4:00 p.m. [the parties propose June 26, 2017, or as soon thereafter as is convenient for the Court], the Court will hold a pretrial conference in Court with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the

joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order, on or before ~~June 12, 2017~~ (July 3, 2017). Unless otherwise ordered by the Court, the parties shall comply with timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order, the parties shall include in their joint proposed final pretrial order, among other things:

    a.    <u>a request for a specific number of **hours** for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical bench trial day there will be 6-7 hours of trial time;

    b.    <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

    c.    <u>their position as to whether the Court should rule at trial on objections to expert testimony</u> as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

    d.    <u>their position as to how to make motions for judgment as a matter of law</u>, whether it be immediately at the appropriate point during trial or at a subsequent break and whether such motions maybe supplemented in writing.

19. *Motions in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

20. Trial. This matter is scheduled for a five-day bench trial beginning at 8:30 a.m. on July 31, 2017 [the parties propose July 24, 2017, or as soon thereafter as is convenient for the Court], with the subsequent trial days beginning at 8:30 a.m., pending the Court's availability. The trial day will end no later than 5:00 p.m. each day.

21. Post-Trial Briefing. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_____
CHIEF JUDGE