

Andrew E. Russell
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0704 - Direct
arussell@shawkeller.com

September 13, 2016

**BY CM/ECF AND HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

Re:     *Meda Pharmaceuticals, Inc., et al. v. Teva Pharmaceuticals USA, Inc.*,
        C.A. No. 15-785-LPS

Dear Chief Judge Stark:

Teva Pharmaceuticals USA, Inc. ("Teva") hereby opposes Meda Pharmaceuticals Inc.'s and Cipla Ltd.'s (collectively, "Plaintiffs'") September 6, 2016 letter ("Letter") request for leave to amend the Complaint a second time. Plaintiffs' belated attempt to amend the Complaint to introduce a Certificate of Correction, which issued over four months ago for one of the patents in suit, U.S. Patent No. 9,259,428 ("the '428 patent"), should be denied because it ignores and runs counter to the plain language and requirements of Rule 15, Fed. R. Civ. P., and the Patent Act (35 U.S.C. §§ 254 and 271(e)(2)), as well as the court decisions holding that a Certificate of Correction is not effective in, or applicable to, any cause of action which arose *before* its issuance.

**Relevant Background**

On May 28, 2015, Teva filed Abbreviated New Drug Application No. 208436 (the "ANDA") seeking approval to market and sell a generic version of Plaintiffs' Dymista nasal spray product. On September 8, 2015, Plaintiffs filed the instant action, alleging that Teva's filing of its ANDA infringed, and that the products described in the ANDA for which Teva seeks FDA approval would infringe, U.S. Patent Nos. 8,163,723 ("the '723 patent") and 8,168,620 ("the '620 patent"), which were the only two Orange Book-listed patents at the time. (Dkt. 1 ¶¶ 1, 21-25, 34-55.) The '428 patent was not asserted in the original Complaint because it had not yet issued, but was undergoing "expedited" examination at the U.S. Patent and Trademark Office ("PTO") as part of Plaintiffs' litigation strategy to assert it as soon as possible.

Immediately upon its issuance, on February 16, 2016, Plaintiffs requested that Teva stipulate to an amendment of Plaintiffs' Complaint to add the '428 patent to this litigation. At that time, Plaintiffs did not mention any intent to seek a Certificate of Correction. After reviewing the '428 patent, Teva agreed to stipulate to the amendment. On February 29, 2016, Plaintiffs filed their first Amended Complaint asserting the '428 patent in its uncorrected

The Honorable Chief Judge Leonard P. Stark
September 13, 2016
Page 2

form.[1] Just two days later, on March 2, 2016, without informing Teva, Plaintiffs sought a Certificate of Correction of Claim 28 from the PTO. Meanwhile, on March 14, Teva filed its Answer and Counterclaims, including a counterclaim that the '428 patent was invalid under, *inter alia*, 35 U.S.C. § 112. (Dkt. 26, ¶¶ 25-26.) Plaintiffs also listed the '428 patent in uncorrected form in the FDA's Orange Book, despite knowing that Claim 28, as issued, was incorrect and therefore invalid. On April 18, Teva served its initial Invalidity Contentions under Paragraph 4.d of the Default Standard for Discovery, specifically contending that Claim 28 was indefinite. (Ex. 1 at 62-63; Ex. 2 at 197.)

The PTO issued the Certificate of Correction on May 3, 2016. Despite Teva's prior Invalidity Contentions, discovery responses (Ex. 3 at 6 & n.1) and the concurrent *Markman* proceedings (Dkt. 56 at 15-16)—which raised the indefiniteness of Claim 28—Plaintiffs waited over four months to ask the Court for leave to further amend their Amended Complaint to attempt to bring the Certificate of Correction into this case. Plaintiffs' untimely motion to amend "the record" (Letter at 3) notably does not mention, let alone address, the Rule 15 standard for amending complaints. Under Fed. R. Civ. P. 15(a), "leave to amend is by no means 'automatic,' and 'the liberal policy of granting leave to amend must not be interpreted to permit amendment without restraint.'" *ISCO Int'l, Inc. v. Conductus, Inc.*, 2002 31498989, at *1 (D. Del. Nov. 8, 2002).  Reasons for denial include, for example, "undue delay, bad faith, or dilatory motive on the party of the movant; undue prejudice to the opposing party; or futility of the amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## <u>Plaintiffs' Motion Should Be Denied As Futile</u>

Under the Patent Act, the filing of an ANDA is an "act of infringement." 35 U.S.C. § 271(e)(2). This statutory act of infringement is fundamental to the entire Hatch-Waxman framework, as it enables the resolution of any and all infringement or other liability disputes, including with respect to any future acts of infringement by products described in the ANDA in question. *AstraZeneca Pharmaceuticals LP v. Apotex Corp.*, 669 F.3d 1370, 1377 (Fed. Cir. 2012) ("We have further explained that § 271(e)(2) provided a new cause of action so that courts could promptly resolve infringement and validity disputes before the ANDA applicant had engaged in the traditional statutorily defined acts of infringement.") Nothing in § 271(e)(2), or anywhere else in the statute, provides an exception for causes of action involving corrected patents under 35 U.S.C. § 254. Likewise, the Patent Act plainly states that a Certificate of Correction is only applicable to "causes thereafter arising" and is not

---

[1] As Plaintiffs acknowledge, the '428 patent contained a number of errors. Most relevant to this litigation, Claim 28, as issued, recited a nasal spray formulation "*comprising: from .001% (weight/weight) % (weight/weight) of azelastine hydrochloride*" (emphasis added). Plaintiffs' claim that Teva did not raise the indefiniteness of Claim 28 (*see* Dkt. 53, at 20) is demonstrably incorrect. As indicated in Teva's April 18th Invalidity Contentions (Ex. 1 at 62-63, Ex. 2 at 197), June 13, 2016 non-infringement interrogatory response (Ex. 3 at 6 & n.1) and Opening Claim Construction Brief (Dkt. 56 at 15-16), as-issued Claim 28 (and Claims 29-30, which depend therefrom) is invalid as indefinite.

The Honorable Chief Judge Leonard P. Stark
September 13, 2016
Page 3

effective with respect to causes of action which arose before the certificate issued. 35 U.S.C. § 254; *see also Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1297 (Fed. Cir. 2000) ("Southwest's cause of action against Harlequin and ECRM arose before the certificate of correction was issued. Because the certificate of correction is not effective for purposes of this action…claim 1 of the '257 patent is invalid"); *Nautilus Neurosciences, Inc. v. Wockhardt USA LLC*, 2013 WL 775750, at *16 n.4 (D.N.J., Feb. 27, 2013) (in ANDA Hatch-Waxman lawsuit, "any certificate of correction that may issue from the PTO would not apply to this action because Plaintiffs brought this action before the issuance of any such certificate"). Here again, nothing in § 254, or elsewhere in the statute, makes an exception for causes of action under § 271(e)(2).

Finally, Fed. R. Civ. P. 15(c) states that amendments to the complaint, if granted, relate back to the earlier pleading. This provision has been specifically held to render amendments to add patents with Certificates of Correction under § 254 "utterly futile as a matter of law" where, as here, the Certificate of Correction issued after the complaint and therefore cannot relate back to it. *See, e.g., ISCO,* 2002 WL 31498989, at *1.

Plaintiffs seek leave to amend their Amended Complaint to make the Certificate of Correction applicable to this cause of action, in an attempt to cure the defects in Claim 28 as issued and avoid a finding of invalidity for indefiniteness and/or non-infringement. But Plaintiffs' proposed amendment would be futile under Rule 15. *See id.* The cause of action pleaded in the first Amended Complaint arose well before the Certificate of Correction was issued by the PTO and, thus, the Certificate of Correction is not applicable in this action to save Claim 28 from invalidity. 35 U.S.C. § 254; *see also Southwest Software*, 226 F.3d at 1294 ("We begin the process of statutory interpretation with the language of the statute…. If the language is clear, the plain meaning is conclusive.") (citations omitted); *Nautilus Neurosciences*, 2013 WL 775750, at *16 n.4.

In their Letter, Plaintiffs rely on *E.I. du Pont de Nemours & Co. v. MacDermid Printing*, 525 F.3d 1353, 1362 (Fed. Cir. 2008) and its proposition that "certificates of correction apply to causes of action for future acts of infringement." (Letter at 2.) But that reliance is misplaced. *du Pont* did not involve an already-filed patent infringement action, or a Rule 15 amendment of a complaint to try to retroactively apply a later-obtained Certificate of Correction to a previously asserted patent. Rather, the *du Pont* court specifically distinguished itself from the earlier Federal Circuit decision in *Southwest Software* on that basis. *Id.* ("unlike *Southwest Software*, the Certificate of Correction issued prior to DuPont filing suit.").

In an effort to align this case with *du Pont*, and attempt to distinguish the directly applicable holdings in *Southwest Software* and *Nautilus Neurosciences*,[2] Plaintiffs also argue that in this action under § 271(e)(2), "any actual infringement will only occur after the

---

[2] Plaintiffs attempt to distinguish the *Nautilus Neurosciences* decision on the ground that the Certificate of Correction had not yet issued in that case. But that is irrelevant; the holding in *Nautilus Neurosciences* was directed to the lack of effect a Certificate of Correction would have, when and if it issued.

The Honorable Chief Judge Leonard P. Stark
September 13, 2016
Page 4

Certificate of Correction issued," that "the infringing conduct is actually 'future conduct'" and "only prospective infringement is at issue." (Letter at 2.)  In making this argument, Plaintiffs rely on *Pfizer Inc. v. Teva Pharmaceuticals U.S.A., Inc.*, 882 F. Supp. 2d 643, 699 (D. Del. 2012) (Sleet, J.). In *Pfizer*, Judge Sleet found that in ANDA suits, "infringement under § 271(e)(2) is hypothetical and, therefore, cannot occur prior to the filing of a complaint," and thus, "a certificate of correction can be applied where the defendants' ANDA products will prospectively infringe the patents-in-suit." *Id.* While Judge Sleet was correct in noting that the statutory act of infringement under § 271(e)(2) is often referred to as "hypothetical," Teva respectfully submits that an interpretation of the plain language of § 271(e)(2) (i.e., it "shall be an act of infringement to submit" an ANDA) as not providing for an <u>actual</u> "act of infringement" is incorrect as a matter of law. Furthermore, any such analysis runs directly contrary to Federal Circuit authority holding that § 271(e)(2) is a "cause of action" that was promulgated for the very purpose of resolving <u>all</u> acts of infringement relating to the filing of an ANDA, including any and all prospective or future acts of infringement. *See AstraZeneca*, 669 F.3d at 1377 ("We have further explained that § 271(e)(2) provided a new cause of action so that courts could promptly resolve infringement and validity disputes before the ANDA applicant had engaged in the traditional statutorily defined acts of infringement.").

In this case, it is undisputed that Plaintiffs sued for infringement of the '428 patent <u>before</u> a Certificate of Correction was applied for and before it issued. It is also undisputed that the cause of action for infringement of the '428 patent pleaded in the proposed Second Amended Complaint is <u>verbatim the same</u> as the '428 patent-related cause of action in the Amended Complaint. Accordingly, Plaintiffs' proposed amendment is not directed to a cause of action "thereafter arising" under § 254, and consequently, the Certificate of Correction is inapplicable to this action.[3] Permitting amendment of the Complaint to add the Certificate of Correction, would, in effect, amount to "allow[ing] the patent holder … to sue an alleged infringer for activities that occurred before the issuance of the certificate" (i.e., the filing of the ANDA), which is exactly the "illogical result" that *Southwest Software* sought to avoid. 226 F.3d at 1295.

Accordingly, Teva respectfully submits that "[b]ecause an amended complaint would relate back to the date of the original complaint … and because the Certificate of Correction issued after that date, granting leave to amend would be utterly futile as a matter of law." *ISCO*, 2002 WL 31498989, at *2; *see also Rohm Co. v. Nichia Corp.*, 2003 WL 22844207, at *2 (E.D.Pa. Nov. 26, 2003) (denying motion to amend complaint as futile because Certificates of Correction were "ineffective for the current action" under § 254); *Adrain v. Hypertech, Inc.*, 2001 WL740542, at *5 (D.Utah Apr. 18, 2001) (concluding "certificate of corrections issued after the commencement of this litigation do not have retroactive effect").

---

[3] This would not be the situation for any generic drug company that files an ANDA after the issuance of the Certificate of Correction. Teva would agree that the Certificate of Correction would apply in those actions.

The Honorable Chief Judge Leonard P. Stark
September 13, 2016
Page 5

### **Plaintiffs Have Not Shown Good Cause and/or Lack of Undue Delay or Prejudice**

Plaintiffs' Letter does not address any of the other factors relevant to a Rule 15 motion to amend, including undue delay, bad faith, and prejudice to Teva. The proposed request for leave to file the Second Amended Complaint comes nearly seven months after the deadline to amend or supplement the pleadings under the Scheduling Order (Dkt. 16 ¶ 2) and four months after the PTO issued the Certificate of Correction. As such, Plaintiffs must meet the requirements of both Rules 15 and 16(b), the latter of which mandates a showing of "good cause." *Research Found. of State Univ. of N.Y. v. Mylan Pharms. Inc.*, 2010 WL 2572715, at *2 (D. Del. June 28, 2010) (Stark, J.) ("In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on prejudice to the non-moving party.") Moreover, "[a] strategic mistake does not equate to a showing of good cause under Rule 16." *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co.*, 2012 WL 1015993, at *6 (D. Del. Mar. 26, 2012) (Stark, J.).

Here, Plaintiffs have been neither diligent nor shown good cause. The Certificate of Correction for the '428 patent issued over four months ago, on May 3, 2016. Plaintiffs' motion comes after Teva filed an answer and counterclaims alleging invalidity of the '428 patent under § 112, after Teva served invalidity contentions on the issue of the indefiniteness of Claim 28 as issued, after Teva served non-infringement discovery responses specifically explaining the inapplicability of the Certificate of Correction for Claim 28 as issued, after the parties exchanged claim terms for construction and proposed constructions for those terms (including indefiniteness positions), and after the parties filed and served opening claim construction briefs. Permitting the amendment at this stage would be prejudicial to Teva. *See, e.g.*, *LG Elecs., Inc. v. Quanta Computer Inc.*, 566 F. Supp. 2d 910, 912 (W.D. Wis. 2008). In *LG*, the court denied leave to supplement a complaint three months after receiving a Certificate of Correction "to add claims for acts of infringement … that occurred after the patent office corrected claims" of the patent in suit, "for reasons of both undue delay and unfair prejudice." *Id.* As the court explained, "plaintiff knew when it filed this lawsuit that [the] claims … contained errors that made them unenforceable without a correction. It also knew that any certificate of correction it received from the patent office would not be effective for the purpose of enforcement unless it filed a new lawsuit or amended its complaint…. Despite this knowledge, plaintiff pressed ahead with its claims for infringement of [those] claims … without waiting to receive an answer from the patent office before filing suit." *Id.* (citing *Southwest Software*, 226 F.3d at 1294). It would be "illogical" and prejudicial to allow Plaintiffs to amend their Amended Complaint to bring the same cause of action against Teva as was previously asserted but based upon the later-issued Certificate of Correction. *Southwest Software*, 226 F.3d at 1295. Plaintiffs' questionable tactics, undue and prejudicial delay, and "strategic mistake," *see St. Clair*, 2012 WL 1015993, at *6, should not be condoned or rewarded. The motion should be denied.

The Honorable Chief Judge Leonard P. Stark
September 13, 2016
Page 6

Respectfully Submitted,

*/s/ Andrew E. Russell*

Andrew E. Russell (No. 5382)

cc:     All Counsel of Record (by CM/ECF)
        Clerk of the Court (by CM/ECF)