IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MEDA PHARMACEUTICALS INC. and CIPLA LTD., | : : : : | |
| Plaintiffs, | : : : | C.A. No. 15-785-LPS |
| v. | : : : | |
| TEVA PHARMACEUTICALS USA, INC., | : : : | |
| Defendant. | : | |

## MEMORANDUM ORDER

1. On December 2, 2016, the Court held a *Markman* hearing regarding the construction of disputed claim terms of U.S. Patent Nos. 8,163,723; 8,168,620; and 9,259,428. With respect to the '428 patent, the PTO had issued a Certificate of Correction in May 2016. (D.I. 104 at ¶ 2) On November 14, 2016, the Court denied Plaintiffs' motion for leave to file a second amended complaint to assert that Certificate of Correction in this case, finding that Plaintiffs failed to act diligently. (*Id.* at ¶¶ 4-7) Allowing the amendment would have obviated the need to construe claims 28-30 of the '428 patent, which, in the uncorrected patent, contain a typographical error. Accordingly, after the Court's November 14, 2016 order, a dispute over the proper construction of claims 28-30 remained.

2. On November 23, 2016, Plaintiffs submitted three additional exhibits they wished to add to the parties' Amended Joint Claim Construction Chart. (D.I. 109) The additional exhibits are documents from the '428 patent's prosecution history, including a listing of claims before allowance (Ex. 131) and a request for expedited issuance of a Certificate of Correction (Ex. 132). Plaintiffs "request that the Court consider Exhibits 131, 132, and 133 during

construction of the disputed claim term 'from 0.001% (weight/weight) % (weight/weight) of azelastine hydrochloride.'" (D.I. 109 at 2) These disputes arise in the context of claims 28-30 of the '428 patent.

3. Defendant opposes Plaintiffs' request to add the exhibits. (D.I. 111) Defendant argues that "Plaintiffs seek to present additional evidence in order to reargue the Court's ruling that excluded the certificate of correction from this action." (*Id.* at 1) Defendant characterizes the Court's order denying the motion to amend as holding "that the Certificate of Correction is inapplicable and that the Court will construe the uncorrected patent using the existing claim construction briefs as they were submitted." (*Id.*)

4, The Court disagrees with Defendant's reading of the previous order. The order denied Plaintiffs' motion for leave to amend the complaint to assert the Certificate of Correction, which would have resolved the parties' dispute regarding the proper construction of claims 28-30 of the '428 patent. The Court's denial of Plaintiffs' motion left claims 28-30 in their uncorrected form and needing construction. The Court did not reach any decision regarding what evidence would be considered when construing the claims.

5. "The prosecution history . . . consists of the *complete* record of the proceedings before the PTO," and should be considered when it is in evidence. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (emphasis added). It is proper to consider Exhibits 131, 132, and 133 in construing the claims because these exhibits are prosecution history and are relevant. (*See* D.I. 109 Ex. 131)

6. Although Plaintiffs had ample opportunity to submit the relevant prosecution-history evidence during claim construction briefing, Plaintiffs did not do. Plaintiffs' delay does

not, however, change the fact that the exhibits are part of the prosecution history. Thus, the consequence of Plaintiffs' delay should not be that the Court construes the claims without considering the full prosecution history. Instead, it is appropriate to provide Defendant the opportunity to submit a supplemental brief responding to Plaintiffs' new evidence and arguments. Plaintiffs will not be permitted to file an additional brief.

Accordingly, IT IS HEREBY ORDERED that:

Defendant may file a supplemental brief, of no more than five (5) pages, addressing construction of claims 28-30 of the '428 patent, within one week of the date of this order.

December 7, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE